UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------

DAMON VINCENT,

                                                    Plaintiff,        10 CV 3340 (TPG)
                                                                         **OPINION**

v.

SITNEWSKI, C.O.; FREDERICK, J. KOVAS, C.O.;
M. RELF, C.O.; CARTER, C.O.; STETSON, C.O.;
DEPO, C.O.; SCHMIDT, LT. OF GREENHAVEN
C.F. IN INDIVIDUAL AND OFFICIAL CAPACITIES,

                                                    Defendants.

-----------------------------------------------------------------------------------

On March 4, 2010, *pro se* plaintiff and prisoner, Damon Vincent, commenced this action pursuant to 42 U.S.C. §1983 against Correctional Officer defendants Sitnewski, Frederick, Kovas, Relf, Carter, Stetson, Depo, and Schmidt.[1] The complaint alleges that defendants took adverse action against Sitnewski in retaliation for certain grievances and lawsuits which Vincent filed, and also alleges violations of Eighth Amendment rights.

On September 30, 2011, the court dismissed one of Vincent's six claims. On February 11, 2013, defendants moved pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings with respect to the remaining five claims.

The motion is denied.

---

[1] All of the defendants are employees of the New York State Department of Corrections and Community Supervision.

## THE CLAIMS

It is relevant to the retaliation claims that Vincent lists at the beginning of the complaint two lawsuits brought by him relating to his imprisonment. The first such lawsuit was brought in the Northern District of New York in June of 2007. According to the complaint, it was still pending until December 21, 2009 when it was settled. The second lawsuit was brought in the Western District of New York and was commenced in September of 2007. It was pending until December 21, 2009 when it was settled.

## THE FIRST CLAIM

In this claim Vincent alleges that Corrections Officer ("CO") Sitnewski sexually assaulted him because of his pending lawsuits. In particular, Vincent alleges that on March 11, 2009, Sitnewski conducted a pat and frisk search on Vincent, groping and fondling Vincent's genital area. Sitnewski allegedly stated to Vincent: "Isn't one of your lawsuits about this, can't nobody see if I fuck you in the ass." As a result, Vincent claims that he had problems sleeping because the "sexual assault" was a violation of his Muslim religious beliefs. Attached as an exhibit to the complaint is a grievance filed against defendant Sitnewski on March 16, 2009, alleging sexual assault and harassment and retaliation.

## THE SECOND CLAIM

Vincent's Second Claim alleges failure to protect against defendants Frederick, Kovas, and Relf. In particular, the complaint alleges that a fight occurred on May 8, 2009, at which time Vincent, a non-participant, was assailed from behind by another unidentified inmate in the prison yard. Vincent alleges that defendants watched the fight proceed for

2

nearly 5 minutes from their watch posts and failed to intervene; the fight was broken up by fellow prisoners; Vincent suffered severe facial lacerations as a result of the fight; and Fredrick and Relf thereby failed to protect Vincent in violation of his constitutional rights. Vincent alleges that defendants' failure to act violated his Eighth Amendment right to be free from cruel and unusual punishment. Vincent filed a grievance on this subject on May 20, 2009, which is attached the complaint.

**THE THIRD CLAIM**

In the Third Claim, Vincent alleges that certain improper actions were taken against him in retaliation for his filing of grievances. However, the only grievance actually referred to is a grievance dated May 28, 2009, which is about the conduct alleged in the third claim. This is attached to the complaint. However, in addition to the alleged retaliation, Vincent alleges cruel and unusual punishment in violation of the Eighth Amendment.

Returning to the subject of grievances, the complaint alleges that defendant Carter asked Vincent about "two recent grievances," and that Carter rushed into Vincent's cell, wrestled Vincent on to his bed, and said to Vincent, "That will keep you from complaining, you will learn asshole."

The complaint alleges that at this time, 2:00 PM on May 22, 2009, Vincent was handcuffed to the side of his bed so that he could not move or use the bathroom. The complaint alleges that another inmate gave adult diapers to Vincent. According to the complaint, Vincent was not released from this handcuffing until about 8:30 AM on May 23,

2009. Thus, according to the complaint, Vincent was handcuffed to his bed for about 17-18 hours.

### THE FOURTH CLAIM

The Fourth Claim alleges misconduct against Vincent in retaliation for grievances. There is also the claim of cruel and unusual punishment under the Eighth Amendment. Vincent alleges that on June 8, 2009, defendants Depo and Schmidt intruded upon him while in the shower and left him there in the nude after taking his clothes and removing the shower curtain. While he was in the shower, other officers, including a female officer, allegedly passed by and viewed his nude body. Vincent claims that he suffered humiliation as a result of the shower incident. He does not specify what grievances are referred to. After the incident, Vincent filed a grievance on June 10, 2009 regarding the incident alleged in the Fourth Claim. It is attached to the complaint.

### THE FIFTH CLAIM

The Fifth Claim asserts that Vincent was subject to a threat of harm if he continued to write grievances. It also alleges a threat of harm if Vincent kept doing his "Muslim stuff."

Vincent filed a grievance about this conduct on July 1, 2009, which is attached to the complaint.

**DISCUSSION**

**JUDGMENT ON THE PLEADINGS**

Under Rule 12(c) of the Federal Rules of Civil Procedure, a defendant who has already filed an answer to a complaint may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim. Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). In both postures, the court must accept all allegations in the complaint as true and draw all reasonable inferences in the non-moving party's favor. Id.

Moreover, while the court must construe a *pro se* plaintiff's pleadings liberally on a motion for judgment on the pleadings, the same as it does on a motion to dismiss, it may not accept as true mere "conclusions of law or unwarranted deductions of fact." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir.1994); see also, e.g., ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) ("To survive dismissal [under Rule 12(b)(6)], the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' "). Dismissal is therefore proper where the court "is satisfied that the complaint cannot state any set of facts that would entitle the non-moving party to relief." Patel, 259 F.3d at 126 (citing Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994)).

As to these other claims, there are a number of specific instances, cited by Vincent, in which COs indicated, in one form or another, their objection to his filing of grievances. These allegations, together with the allegations about groping of the genital area, handcuffing to the bed for a lengthy period of time and so forth, constitute, in the view of the court, sufficient allegations of violations of constitutional rights.

The Second Claim of the complaint alleges failure to protect. The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. Hayes v. New York City Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996).

To establish a claim for failure to protect, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison officials must have been deliberately indifferent to the plaintiff's health or safety. Morales v. New York State Dep't of Corrections, 842 F.2d 27, 30 (2d Cir. 1988). However, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice. Hayes v. New York City Dep't of Corr., 84 F.3d at 620. A prison official can be said to have acted with deliberate indifference when "he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." Id. Hayes v. New York City Dep't of Corr., 84 F.3d at 620 (2d Cir. 1996).

The complaint alleges that a fight occurred on May 8, 2009, at which time Vincent, a non-participant, was allegedly assailed from behind by another unidentified inmate in the

6

prison yard and that COs Fredrick and Relf watched the fight proceed for nearly five minutes from their watch posts and failed to intervene. Vincent suffered severe facial lacerations as a result.

Clearly, prison administrators "are under an obligation to take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-527 (1984); accord Ayers v. Coughlin, 780 F.2d 205, 208 (2d Cir.1985). "In particular, ... prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). In Farmer, the Supreme Court made it unambiguous that "[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer, 511 U.S. at 834.

An alleged fight which occurred among prisoners, continued for nearly 5 minutes, and terminated only at the hands of other prisoners could have undoubtedly exposed Vincent to a substantial risk of harm. The court therefore finds that that this risk would be clear to any officer charged with maintaining stability in a prison facility, and that defendants' failure to act was unreasonable with respect to safeguarding Vincent from physical harm.

**QUALIFIED IMMUNITY**

Defendants additionally claim that, even if Vincent's constitutional claims are substantiated, defendants are entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

However, even if the constitutional privileges "are so clearly defined that a reasonable public official would know that his actions might violate those rights, qualified ... immunity might still be available ... if it was objectively reasonable for the public official to believe that his acts did not violate those rights." Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991); Magnotti v. Kuntz, 918 F.2d 364, 367 (2d Cir. 1990).

The court does not know at this point whether Vincent's claims will be substantiated. However, taking the claims as sufficient allegations, the court is not prepared to say that it would have been reasonable for the defendants to believe that they did not violate Vincent's rights.

## CONCLUSION

For the forgoing reasons set forth above, defendants' motion for judgment on the pleadings is denied.

This opinion will resolve docket item number 44.

Dated: New York, New York
  September 20, 2013

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-20-13

8